PUBLISH

**June 17, 2019**

**UNITED STATES COURT OF APPEALS**

**Elisabeth A. Shumaker**
**Clerk of Court**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE LUIS ELISEO ARIAS-
QUIJADA, a/k/a/ Jose Mendoza,

Defendant - Appellant.

No. 18-6130

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. NO. 5:17-CR-00263-M-1)**

---

Submitted on the briefs:[*]

William P. Earley, Assistant Federal Public Defender, Oklahoma City, Oklahoma, for Defendant-Appellant.

Robert J. Troester, First Assistant U.S. Attorney, and William E. Farrior, Assistant U.S. Attorney, Oklahoma City, Oklahoma, for Plaintiff-Appellee.

---

Before **HARTZ**, **MURPHY**, and **CARSON**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

**MURPHY**, Circuit Judge.

_____

I.    **Introduction**

Defendant-Appellant Jose Luis Eliseo Arias-Quijada entered a conditional guilty plea to illegal reentry into the United States, in violation of 8 U.S.C. § 1326.  He reserved the right to appeal the district court's denial of his Motion to Assert a Defense of Duress.  In this appeal, Arias-Quijada challenges the denial of his motion, arguing he presented sufficient evidence to create a triable issue on the affirmative defense of duress.  He specifically contests the district court's conclusion that he failed to make a bona fide effort to surrender to immigration authorities once the alleged duress lost its coercive force.  *See United States v. Portillo-Vega*, 478 F.3d 1194, 1201 (10th Cir. 2007).

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms** the district court's order denying Arias-Quijada's motion.

II.    **Background**

Arias-Quijada is a citizen of El Salvador.  He was removed from the United States by order of an immigration judge in 2005 and again in 2014.  In late 2017, Arias-Quijada was taken into custody by immigration officers in Oklahoma City, Oklahoma.  A search of government records revealed he had not received permission to reenter the United States.

Arias-Quijada sought a pretrial ruling on the admissibility of evidence to substantiate his assertion he illegally reentered the United States only because of duress. Arias-Quijada proffered facts and supporting documents detailing his interactions with the Mara Salvatrucha (MS-13) gang and the 18th Street (Barrio 18) gang in El Salvador during his adolescent years. He alleged both gangs attempted to recruit him and he was tortured by the Barrio 18 gang when he was fifteen years old. Arias-Quijada also proffered details about a serious assault perpetrated on him by MS-13 gang members after he was removed to El Salvador in 2014.

In its response to Arias-Quijada's pretrial motion, the government argued he could not meet his burden of proving a defense of duress. It asserted Arias-Quijada was notified of his rights regarding fear of persecution when he was removed in 2005 and it proffered evidence showing he was informed of the process for requesting and obtaining permission to lawfully reenter the United States. Exhibits to the government's response also showed that Arias-Quijada was given a list of free legal service providers when he was removed in 2005 and 2014. The government advised the district court that its records indicated Arias-Quijada never attempted to obtain permission to reenter the country, never advised immigration officials of his presence, and never formally sought asylum in the United States. As to the elements of a duress defense, the government argued Arias-Quijada's proposed evidence was insufficient to satisfy the elements

of a duress defense. Specifically, it asserted Arias-Quijada failed to meet his burden of showing he had no legal alternative to entering the United States unlawfully because he could have migrated to other countries, attempted to reenter the United States legally, or submitted to U.S. immigration officials and reported the alleged threats once they were no longer imminent. The government also argued Arias-Quijada could not show a well-grounded fear of imminent harm because his allegations involved threats of bodily harm that occurred three years prior to his apprehension. Thus, they were too remote to satisfy the imminence requirement. Finally, the government argued Arias-Quijada could not show his continuing violation of U.S. immigration laws was either necessary to avoid the acute harm he faced in El Salvador or to forgo actions to mitigate his illegal reentry.

The district court denied Arias-Quijada's motion to assert a defense of duress. The court concluded Arias-Quijada did not meet his burden of proving a duress defense by a preponderance of the evidence because he did not show he made a "bona fide effort to surrender as soon as the duress lost its coercive force." Instead, he remained undetected in the United States from the time of his illegal reentry in 2014 until he was apprehended in 2017.

## III.  Discussion

"The duress defense . . . may excuse conduct that would otherwise be punishable, but the existence of duress normally does not controvert any of the elements of the offense itself." *Dixon v. United States*, 548 U.S. 1, 6 (2006).  A defendant, however, does not have an absolute right to present a duress defense to the jury.  *Portillo-Vega*, 478 F.3d at 1200-01 (holding that to be entitled to present a duress defense to the jury, a defendant must proffer legally sufficient evidence as to each element of the defense).  Here, the district court required Arias-Quijada to make a pretrial evidentiary proffer.  In reviewing whether the proffer was sufficient to establish the affirmative defense of duress, this court "respect[s] the trial judge's role as gatekeeper and review[s] the denial of a duress defense for abuse of discretion." *United States v. Dixon*, 901 F.3d 1170, 1176 (10th Cir. 2018) (quotation omitted).  This standard involves a determination of whether the district court "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id*. (quotation omitted).  "[T]he question of whether there is sufficient evidence to constitute a triable issue of the defense is a question of law." *Id*. (quotation and alterations omitted).

"A duress defense requires the establishment of three elements: (1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) no reasonable opportunity to escape the threatened harm." *Portillo-Vega*, 478 F.3d at 1197 (quotation omitted).  The

defendant bears the burden of proving duress, *Dixon,* 548 U.S. at 15, and must meet his threshold burden on each of the three elements of the defense. *United States v. Scott*, 901 F.2d 871, 873 (10th Cir. 1990). If the evidence is insufficient as to even one element, "the trial court and jury need not be burdened with testimony supporting other elements of the defense." *Portillo-Vega*, 478 F.3d at 1198 (quotation omitted).

Because the matter before this court involves the continuing offense of illegal reentry, Arias-Quijada must also "proffer evidence of a bona fide effort to surrender as soon as the claimed duress . . . lost its coercive force." *Id.* at 1201 (quotation and alteration omitted). Thus, a defendant who commits a continuing offense must either make a bona fide effort to surrender to law enforcement officials once the alleged duress ends or establish that the duress defense elements were satisfied throughout the entirety of his criminal conduct. If the alleged duress loses its "coercive force" at any time before the defendant surrenders or is apprehended, he is not entitled to present the duress defense to the jury.

Arias-Quijada does not dispute that the criminal activity in which he engaged continued throughout the three-year period he resided in the United States illegally. It is also undisputed that Arias-Quijada failed to make a bona fide effort to surrender. He attempts to excuse that failure by arguing the alleged duress that initially prompted him to reenter the United States did not abate during the entirety of his undetected presence here because he reasonably

believed he would be immediately returned to El Salvador if he surrendered. In other words, Arias-Quijada asserts that making a bona fide effort to surrender would rekindle the threatened harm rather than provide him with a reasonable opportunity to escape it. While certainly a novel explanation of why all the elements of the duress defense were satisfied during the three years Arias-Quijada resided in the United States, this argument is unconvincing. Arias-Quijada's subjective belief that he would be immediately returned to El Salvador if he surrendered has no evidentiary basis in the record.

Arias-Quijada asserts that the fact he was indicted for illegal reentry in this matter is evidence from which a jury could conclude he would have been denied asylum if he had surrendered voluntarily. It is not. Arias-Quijada was arrested and charged with illegal reentry in this matter because he entered the United States without permission; at no point did he formally apply for asylum or otherwise seek to enter legally. Thus, his indictment in this matter is no indication of whether a formal application for asylum—if he had made one at any time during the course of his illegal conduct—would have been denied. Accordingly, Arias-Quijada has not identified any evidence from which a jury could determine he acted reasonably by failing to surrender to law enforcement

officials either at the time of his illegal reentry or during the three-year period between his reentry and his arrest.[1]

## IV. Conclusion

A defendant is entitled to present the duress defense only when the "theory is supported by some evidence and the law." *United States v. Al–Rekabi*, 454 F.3d 1113, 1121 (10th Cir. 2006) (quotations omitted). Because Arias-Quijada committed a continuing crime and did not surrender to law enforcement, he was required to proffer evidence that he had a well-grounded fear of an immediate threat of death or serious bodily injury during the entirety of the three years he remained in the United States illegally. *See Portillo-Vega*, 478 F.3d at 1197-98 ("A defendant must carry his burden on each of the elements . . . ."). He failed to meet this burden. Accordingly, the district court did not abuse its discretion when it refused to allow him to present the defense.

The order of the district court denying Arias-Quijada's motion to present a duress defense is **affirmed**.

---

[1]This is not to say that a defendant who previously applied for and was denied asylum is entitled to present the duress defense to the jury. The defendant must still carry his burden on each of the elements of the defense. *United States v. Scott*, 901 F.2d 871, 873 (10th Cir. 1990).